CAROLINE D. CIRAOLO
Acting Assistant Attorney General

YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6632 (v)
202-307-0054 (f)
Yael.Bortnick@usdoj.gov

*Of Counsel:*
ANNETTE L. HAYES
United States Attorney

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM P. SCHMIDT; SUFIAN HAMAD; RIVERTON HOLDING, LLC; and KING COUNTY, <br><br> Defendants. | Case No. 2:16-cv-985 <br><br> **United States of America's COMPLAINT** |

The United States of America (the "United States"), by and through its undersigned counsel, hereby complains and alleges as follows:

United States of America's COMPLAINT     1
(Case No. 2:16-cv-985)

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

**INTRODUCTION**

1. This is a civil action timely brought by the United States to (i) reduce to judgment the outstanding federal income tax assessments against Defendant William P. Schmidt; (ii) find that a parcel of real property located in King County, Washington, described more completely below and referred to as the "Subject Property," is held by a nominee and/or alter ego of Defendant William P. Schmidt and/or that the Subject Property was fraudulently transferred; (iii) foreclose federal tax liens on the Subject Property; and (iv) sell the Subject Property, and distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties.

**JURISDICTION AND VENUE**

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service (the "Service"), a delegate of the Secretary of the Treasury of the United States.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396, because Defendant William P. Schmidt resides in the Western District of Washington and because the Subject Property at issue is located within the Western District of Washington. Because Defendant William P. Schmidt is believed to reside in King County and the Subject Property is located in King County, pursuant to LCR 3(d), this action should be assigned to the Court in Seattle.

United States of America's COMPLAINT       2
(Case No. 2:16-cv-985)

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

## DEFENDANTS

5. Defendant William P. Schmidt is named as a defendant because he has unpaid federal tax liabilities and he has an ownership interest in the Subject Property.

6. Defendant Sufian Hamad is named as a defendant pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the Subject Property.

7. Defendant Riverton Holding, LLC is named as a defendant because pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

8. Defendant King County is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## SUBJECT PROPERTY

9. The property sought to be foreclosed by this action consists of a parcel of real property commonly described as 12924 E. Marginal Way S., Tukwila, WA 98168, and may also be described as 4010 S. 130th Street, Tukwila, WA 98168 (the "Subject Property"). The Subject Property bears King County Assessor's Parcel No. 734060-0775. The legal description of the property is as follows:

> THAT PORTION OF TRACT 50, RIVERSIDE INTERURBAN TRACTS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 10 OF PLATS, PAGE 74, IN KING COUNTY, DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE SOUTHWEST CORNER OF SAID TRACT 50; THENCE NORTH 64.47 FEET; THENCE EAST 119.98 FEET; THENCE SOUTH 56.56 FEET; THENCE SOUTH 86 DEGREES 8' WEST 120.25 FEET TO THE POINT OF THE BEGINNING; EXCEPT THE WEST 10 FEET OF SAID PREMISES HERETOFORE TAKEN BY KING COUNTY FOR ROAD (ALSO KNOWN AS TRACT 6, UNRECORDED PLAT OF THE SOUTH HALF OF TRACT 50, RIVERSIDE INTERURBAN TRACTS, EXCEPT THE WEST 10 FEET THEREOF).

United States of America's COMPLAINT      3
(Case No. 2:16-cv-985)

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

10. Defendant William P. Schmidt acquired the Subject Property by Statutory Warranty Deed, dated March 7, 1995 and fulfilled on February 5, 2009, from Jacob Sturgeon and Helen Sturgeon.

11. On or about April 13, 2011, Defendant William P. Schmidt quit claimed the Subject Property for no consideration to Defendant Sufian Hamad.

12. On or about June 18, 2012, Defendant Sufian Hamad quit claimed the Subject Property for no consideration to Defendant Riverton Holding, LLC, a single member limited liability company owned by Defendant Sufian Hamad.

**FACTUAL BACKGROUND**

13. Defendant William P. Schmidt has employed frivolous tax arguments as an excuse to not file, pay, or otherwise comply with federal tax law and has engaged in filing patently false and frivolous lawsuits in an effort to obstruct the collection effort since 2001.

14. Defendant Schmidt last filed a federal income tax return for tax year 2001.

15. The IRS met with Defendant Schmidt several times in attempts to prepare correct tax returns. Due to Defendant Schmidt's non-compliance and frivolous submissions, the IRS audited him in 2010. Defendant Schmidt did not materially participate in the audit process.

16. On January 29, 2009, in response to the proposed assessments, Defendant Schmidt filed false returns claiming large refunds based on fictitious withholding reflected on spurious Forms 1099-OID for tax year 2008. The IRS intercepted the returns before the fictitious refunds were paid.

17. Defendant Schmidt worked as an ironworker for various companies and continues to work as an independent contractor in the construction trade.

18.     On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Defendant Schmidt for unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions as follows:

| Tax Year | Adjusted Gross Income | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of June 20, 2016 |
|---|---|---|---|---|---|
| 2004 | $78,347.00 | 03/07/2011 | Tax Assessed: | $21,364.00 | |
| | | " | Estimated Tax Penalty: | $612.21 | |
| | | " | Late Filing Penalty: | $4,806.90 | |
| | | " | Interest Assessed: | $10,898.15 | |
| | | " | Failure to Pay Tax Penalty: | $5,341.00 | |
| | | 10/28/2013 | Interest Assessed: | $3,785.20 | |
| | | 10/27/2014 | Interest Assessed: | $1,421.48 | |
| | | 11/02/2015 | Interest Assessed: | $1,176.59 | $5,062.77 |
| 2005 | $57,561.00 | 03/07/2011 | Tax Assessed: | $12,697.00 | |
| | | " | Estimated Tax Penalty: | $509.30 | |
| | | " | Late Filing Penalty: | $2,856.83 | |
| | | " | Interest Assessed: | $5,082.43 | |
| | | " | Failure to Pay Tax Penalty: | $3,174.25 | |
| | | 10/28/2013 | Interest Assessed: | $2,139.72 | |
| | | 10/27/2014 | Interest Assessed: | $803.53 | |
| | | 11/02/2015 | Interest Assessed: | $844.11 | $28,708.25 |
| 2006 | $78,986.00 | 03/07/2011 | Tax Assessed: | $18,412.00 | |
| | | " | Estimated Tax Penalty: | $871.31 | |
| | | " | Late Filing Penalty: | $4,142.70 | |
| | | " | Interest Assessed: | $5,127.14 | |
| | | " | Failure to Pay Tax Penalty: | $4,326.82 | |
| | | 10/28/2013 | Interest Assessed: | $2,892.87 | |
| | | 10/28/2013 | Failure to Pay Tax Penalty: | $276.18 | |
| | | 10/27/2014 | Interest Assessed: | $1,094.76 | |
| | | 11/02/2015 | Interest Assessed: | $1,150.03 | $39,112.73 |
| 2007 | $1,078,396.00 | 03/07/2011 | Tax Assessed: | $274,124.00 | |
| | | " | Estimated Tax Penalty: | $12,476.16 | |
| | | " | Late Filing Penalty: | $61,677.90 | |
| | | " | Interest Assessed: | $45,851.58 | |
| | | " | Failure to Pay Tax Penalty: | $47,971.70 | |
| | | 10/28/2013 | Interest Assessed: | $38,897.17 | |
| | | 10/28/2013 | Failure to Pay Tax Penalty: | $20,559.30 | |
| | | 10/27/2014 | Interest Assessed: | $15,231.59 | $544,183.84 |

United States of America's COMPLAINT       5
(Case No. 2:16-cv-985)

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

| | | | | |
|---|---|---|---|---|
| | | 11/02/2015 | Interest Assessed: | $16,000.60 | |
| 2008 | $92,264.00 | 10/25/2010 | Tax Assessed: | $39,376.79 | |
| | | 10/03/2011 | Late Filing Penalty: | $4,064.70 | |
| | | " | Interest Assessed: | $2,051.96 | |
| | | " | Failure to Pay Tax Penalty: | $894.23 | |
| | | 04/09/2012 | Fees and Collection Costs: | $124.00 | |
| | | 10/27/2014 | Interest Assessed: | $2,251.44 | |
| | | " | Failure to Pay Tax Penalty: | $3,170.47 | |
| | | 11/02/2015 | Interest Assessed: | $892.17 | $30,343.07 |
| 2009 | 51,762.00 | 04/15/2013 | Tax Assessed: | $7,505.00 | |
| | | " | Estimated Tax Penalty: | $172.75 | |
| | | " | Late Filing Penalty: | $1,623.38 | |
| | | " | Interest Assessed: | $950.39 | |
| | | " | Failure to Pay Tax Penalty: | $1,298.70 | |
| | | 05/27/2013 | Fees and Collection Costs: | $64.00 | |
| | | 10/27/2014 | Interest Assessed: | $533.16 | |
| | | " | Failure to Pay Tax Penalty: | $505.04 | |
| | | 11/02/2015 | Interest Assessed: | $382.76 | $13,017.72 |
| | | | | **Total:** | **$660,428.38** |

## COUNT ONE: REDUCE FEDERAL TAX ASSESSMENTS
## TO JUDGMENT AGAINST DEFENDANT WILLIAM P. SCHMIDT

19. The United States incorporates and re-alleges as if fully stated herein each of the allegations in paragraphs 1 through 18.

20. Timely notice stating the amounts and demanding payments of the assessments set forth in Paragraph 18 was given to Defendant Schmidt, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

21. Despite timely notice stating the amounts and demanding payment of the assessments set forth in Paragraph 18, Defendant Schmidt has neglected, failed, or refused to pay the assessed amounts to the United States.

22. The United States has established a claim against Defendant William P. Schmidt in the amount of $660,428.38 for unpaid federal income taxes, as of June 20, 2016.  Additional

unassessed interest and other statutory additions as provided by law will accrue on these balances.

### COUNT TWO: DETERMINE THAT DEFENDANT WILLIAM P. SCHMIDT IS THE TRUE OWNER OF THE SUBJECT PROPERTY

23.     The United States incorporates and re-alleges as if fully stated herein each of the allegations in paragraphs 1 through 22.

24.     Defendant William P. Schmidt acquired the Subject Property by Statutory Warranty Deed, dated March 7, 1995 and fulfilled on February 5, 2009, from Jacob Sturgeon and Helen Sturgeon.

25.     On or about April 13, 2011, Defendant William P. Schmidt quit claimed the Subject Property for no consideration to Defendant Sufian Hamad.

26.     The transfer of the Subject Property to Defendant Sufian Hamad was not for reasonably equivalent value.

27.     Defendant Sufian Hamad posed as a buyer of the Subject Property because of his personal relationship with Defendant Schmidt.

28.     On or about June 18, 2012, Defendant Sufian Hamad quit claimed the Subject Property for no consideration to Defendant Riverton Holding, LLC, a single member limited liability company owned by Defendant Sufian Hamad.

29.     Riverton Holding, LLC is a single-member limited liability company owned by Defendant Sufian Hamad, which exists solely for the purpose of holding title to the Subject Property.

30.     After the purported transfer of title to the Subject Property first to Defendant Sufian Hamad and then to Riverton Holding, LLC, Defendant Schmidt continued to reside in the

1  Subject Property, receive rent from the Subject Property's tenant, and enjoy the use and benefits

2  of the Subject Property. Defendant Schmidt has paid no rent to either Defendant Sufian Hamad

3  or to Riverton Holding, LLC for Defendant Schmidt's continued use of the Subject Property

4    31.   After the purported transfer of title to the Subject Property first to Defendant

5  Sufian Hamad and then to Riverton Holding, LLC, Defendant Schmidt continued to make all

6  choices with respect to the Subject property.

7    32.   Based on the foregoing, and because Defendant Schmidt maintained a beneficial

8  interest in and control over the Subject Property, to the extent that Riverton Holding, LLC and/or

9  Defendant Sufian Hamad holds title to the Subject Property, they do so as the nominee of

10 Defendant Schmidt.

11   33.   In addition, Riverton Holding, LLC is the alter ego of Defendant Schmidt, and its

12 form should be disregarded because Defendant Schmidt has abused the formalities of the LLC

13 entity to evade payment of his federal income tax liabilities and because disregard of the

14 formalities of the LLC is necessary and required to prevent unjustified loss to the Internal

15 Revenue Service.

16   34.   In addition, the purported conveyances of the Subject Property to Defendant

17 Sufian Hamad and to Riverton Holding, LLC was fraudulent as to the United States.

18   35.   The transfers of the Subject Properties to Defendant Sufian Hamad and to

19 Defendant Riverton Holding, LLC were made with the actual intent to hinder, delay, or defraud

20 the United States. Defendant Schmidt transferred the Subject Property to an insider, Defendant

21 Sufian Hamad, who in turn transferred it to Riverton Holding, LLC, an entity that Defendant

22 Schmidt controlled, Defendant Schmidt retains control and possession of the Subject Property,

23

United States of America's COMPLAINT   8
(Case No. 2:16-cv-985)

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

1 and the transfer was of substantially all of his assets. The transfers were thus fraudulent transfers that should be set aside under RCW 19.40.041(a)(1).

36. Alternatively, the purported conveyances of the Subject Property first to Defendant Sufian Hamad and then to Riverton Holding, LLC were made without receiving equivalent value in exchange for the transaction and Defendant Schmidt intended to incur or reasonably should have believed that he would incur debts beyond his ability to pay. The transfers were thus fraudulent transfers that should be set aside under RCW 19.40.041(a)(2).

37. Defendant Schmidt remains the owner of the Subject Property.

38. Any claim to or interest in the Subject Properties by Defendant Sufian Hamad and/or Riverton Holding, LLC is fraudulent and/or non-existent. Any such claim or interest was part of a scheme to defraud creditors of Defendant Schmidt, including the United States, and have no merit.

**COUNT THREE:  FORECLOSE FEDERAL TAX LIENS**

39. The United States incorporates and re-alleges as if fully stated herein each of the allegations in paragraphs 1 through 38.

40. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for unpaid tax liabilities have arisen against and attached to all property and rights to property of Defendant William P. Schmidt as of the dates of the assessments described in Paragraph 18. In addition, said liens immediately attached to all after-acquired property or rights to property, including the Subject Property.

United States of America's COMPLAINT     9
(Case No. 2:16-cv-985)

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

1    41.    On July 7, 2011, a Notice of Federal Tax Lien was filed in King County, Washington against Defendant Schmidt that listed his federal income tax penalty for tax years 2002 through 2007 and civil penalty liabilities for tax years 2002 through 2008.

42.    On March 21, 2012, a Notice of Federal Tax Lien was filed in King County, Washington, against Defendant Schmidt that listed his federal income tax liabilities for the 2008 tax year.

43.    On May 7, 2013, a Notice of Federal Tax Lien was filed in King County, Washington, against Defendant Schmidt that listed his federal income liabilities for the 2009 tax year.

44.    The United States seeks to foreclose the federal tax liens described above through sale of the Subject Property.

45.    The tax liens arising from the assessments described in paragraph 18 above have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

46.    Under 26 U.S.C. § 7403(c), the United States is entitled to enforce its federal tax liens upon the Subject Property and to receive the proceeds from the sale of the Subject Property to be applied toward satisfaction of the outstanding and unpaid tax assessments against Defendant Schmidt.

WHEREFORE, the Plaintiff, the United States, prays as follows:

A.    That this Court determine and adjudge that Defendant Schmidt is indebted to the United States on the assessments described in paragraph 18, above, in the amount of $660,428.38 as of June 20, 2016, less any subsequent payments or credits, plus interest and other statutory

United States of America's COMPLAINT    10
(Case No. 2:16-cv-985)

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

1  additions, as provided by law, and that judgment in that amount be entered against Defendant
2  Schmidt and in favor of the United States;
3      B.    That this Court determine and adjudge that the United States has valid federal tax
4  and judgment liens against all property and rights to property of Defendant Schmidt, including,
5  but not limited to, his interest in the Subject Property;
6      C.    That this Court determine and adjudge that Defendant Sufian Hamad and
7  Defendant Riverside Holdings, LLC, are the nominees and/or alter-ego of Defendant Schmidt
8  and neither Defendant Sufian Hamad nor Defendant Riverside Holdings, LLC is a purchaser of
9  the Subject Property as that term is defined in 26 U.S.C. § 6323(h)(6);
10     D.    That this Court determine and adjudge that the purported conveyance of the
11 Subject Property to Defendant Sufian Hamad was a fraudulent conveyance and of no effect as to
12 the lien claims of the United States , and that they be set aside;
13     E.    That this Court determine and adjudge that the purported conveyance of the
14 Subject Property to Defendant Riverside Holdings, LLC was a fraudulent conveyance and of no
15 effect as to the lien claims of the United States , and that it be set aside;
16     F.    That this Court determine, adjudge, and decree that any claim to or interest in the
17 Subject Property by any title holder or transferee other than Defendant William P. Schmidt is
18 fraudulent and/or non-existent;
19     G.    That this Court determines the merits and priority of any claims or interests of the
20 other named defendants in the Subject Property and their respective priority to a distribution of
21 proceeds from a sale of the Subject Property;
22
23

United States of America's COMPLAINT     11     **U.S. DEPARTMENT OF JUSTICE**
(Case No. 2:16-cv-985)      Tax Division, Western Region
     P.O. Box 683
     Washington, D.C. 20044
     Telephone: 202-305-3719

1     H.    That the federal tax and judgment liens against Defendant Schmidt encumbering the Subject Property be foreclosed;

    I.    That the Subject Property be sold with the proceeds applied to the delinquent federal tax liabilities of Defendant Schmidt; and

    J.    That the United States be granted its costs and fees herein, and such other and further relief as this Court deems just and proper.

DATED this 27th day of June, 2016.

    Respectfully submitted,

    CAROLINE D. CIRAOLO
    Acting Assistant Attorney General

    */s/ Yael Bortnick*
    YAEL BORTNICK
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Washington, D.C.  20044
    202-514-6632 (v)
    202-307-0054 (f)
    yael.bortnick@usdoj.gov

    Of Counsel:
    ANNETTE L. HAYES
    United States Attorney

    *Attorneys for the United States*

United States of America's COMPLAINT      12      **U.S. DEPARTMENT OF JUSTICE**
(Case No. 2:16-cv-985)      Tax Division, Western Region
     P.O. Box 683
     Washington, D.C. 20044
     Telephone: 202-305-3719