UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM P. SCHMIDT; SUFIAN HAMAD; RIVERTON HOLDING, LLC; and KING COUNTY,<br><br>Defendants. | Case No. C16-985RSL<br><br>ORDER DENYING DEFENDANTS SUFIAN HAMAD AND RIVERTON HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S REQUEST FOR RELIEF UNDER RULE 56(d) |

This matter comes before the Court on the motion for summary judgment of defendants Sufian Hamad and Riverton Holding, LLC (Dkt. # 13), and on the opposition to that motion and request for relief under Fed. R. Civ. P. 56(d) of plaintiff the United States of America (Dkt. # 16). Having considered the parties' briefing and the remainder of the record, the Court finds as follows.

On June 27, 2016, the government filed this lawsuit seeking to foreclose on federal tax liens on a parcel of real property in Tukwila, Washington, resulting from defendant William P. Schmidt's unpaid federal tax liabilities in the amount of $660,428.38. The government alleges that Mr. Schmidt attempted to fraudulently convey his ownership of the subject property to Mr. Hamad and then to Riverton Holding, LLC, so as to avoid judicial foreclosure. Dkt. # 1. After

ORDER DENYING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S
REQUEST FOR RELIEF UNDER RULE 56(d) - 1

1  some difficulty locating Mr. Schmidt, Dkt. # 9-1, the government finally served Mr. Schmidt on
2  September 27, 2016, Dkt. # 12.

3  On October 6, 2016, before responding to the complaint, Mr. Hamad and Riverton
4  Holding, LLC, filed this motion for summary judgment.  Dkt. # 13.  Defendants argue that Mr.
5  Hamad is the legitimate owner of the subject property and seeks dismissal of all claims against
6  Mr. Hamad and Riverton Holding, LLC.  Defendants attached a number of documents
7  purporting to verify the legitimacy of the conveyance from Mr. Schmidt to Mr. Hamad, and on
8  to Riverton Holding, LLC.  Dkt. ## 13-1 to 13-14.

9  On October 17, 2016, the government responded and asked the Court to deny defendants'
10 motion, or alternatively to continue proceedings with respect to the motion until after the
11 completion of discovery (which at the time had not yet been scheduled) pursuant to Fed. R. Civ.
12 P. 56(d).  Dkt. # 16.  After several extensions, Mr. Schmidt filed his answer to the government's
13 complaint on December 15, 2016.  Dkt. # 27.  On January 18, 2017, the Court established a trial
14 date and other deadlines in this case, including a discovery deadline of September 10, 2017.
15 Dkt. # 30.

16 Federal Rule of Civil Procedure 56(d) provides that if a "nonmovant shows by affidavit or
17 declaration that, for specified reasons, it cannot present facts essential to justify its opposition,
18 the court may . . . defer considering the motion [for summary judgment] or deny it . . . ."  Rule
19 56(d) "provides a device for litigants to avoid summary judgment when they have not had
20 sufficient time to develop affirmative evidence."  United States v. Kitsap Physicians Serv., 314
21 F.3d 995, 1000 (9th Cir. 2002).  To obtain relief under Rule 56(d), a party must show "(1) that
22 they have set forth in affidavit form the specific facts that they hope to elicit from further
23 discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to
24 resist the summary judgment motion."  State of California v. Campbell, 138 F.3d 772, 779 (9th
25 Cir. 1998).

26

27 ORDER DENYING DEFENDANTS' MOTION FOR
   SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S
28 REQUEST FOR RELIEF UNDER RULE 56(d) - 2

1  An attorney for the government filed an affidavit and a number of exhibits in support of
2 the government's request for Rule 56(d) relief.  These filings make clear that discovery is needed
3 to clarify several fact issues that are essential to the resolution of this case – specifically, the
4 relationships between the parties, the authenticity of the documents presented by defendants, and
5 the history, transfers, consideration for, liens on, and ownership/use of two separate parcels of
6 real property, including the subject property.  In addition to conducting written discovery and
7 subpoenaing documents, the government intends to depose Mr. Schmidt and Mr. Hamad, as well
8 as representatives of various trusts and holding companies mentioned by defendants.  Dkt.
9 ## 16-1 (Declaration of Yael Bortnick), 16-2 (Exhibits to Declaration of Yael Bortnick).  These
10 facts are essential to allow the government to oppose summary judgment.  See Campbell, 138
11 F.3d at 779.  The government has met the standards to obtain relief under Rule 56(d).

13  For the foregoing reasons, defendants' motion for summary judgment (Dkt. # 13) is
14 DENIED without prejudice to refiling at the close of discovery on September 10, 2017.  The
15 government's motion for relief under Fed. R. Civ. P. 56(d) (Dkt. # 16) is GRANTED.

18  DATED this 23rd day of March, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S
REQUEST FOR RELIEF UNDER RULE 56(d) - 3