UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

WILLIAM P. SCHMIDT, SUFIAN HAMAD, RIVERTON HOLDING, LLC; and KING COUNTY,

    Defendants.

Case No. C16-985RSL

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on defendant William P. Schmidt's "Notice of Lack of Jurisdiction and Demand for Hearing to Order Proof of Jurisdiction." Dkt. #33. For the reasons set forth below, defendant's motion is DENIED.

## II. BACKGROUND

On June 27, 2016, the United States filed a complaint against defendants William P. Schmidt, Sufian Hamad, Riverton Holding, LLC, and King County pursuant to 26 U.S.C. §§

7401 and 7403. Dkt. #1 ¶5-8. The action seeks to reduce to judgment the outstanding federal income tax assessment against defendant William P. Schmidt, find that the parcel of real property located in King County (the "Subject Property") is held by Schmidt, foreclose federal tax liens on the Subject Property, and sell the Subject Property and distribute the proceeds in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties. Dkt. #1 ¶1.

On December 15, 2016, Schmidt filed an answer to the complaint. Dkt. #27. In his answer, Schmidt admits that he purchased the subject property located in King County in 1995, that he quit-claimed the property to defendant Sufian Hamad in 2011 for no consideration, and that he retains beneficial title to the subject property. Dkt. # 27, ¶9-11.

On May 22, 2017, Schmidt filed a "Notice for Lack of Jurisdiction and Demand for Hearing to Order Proof of Jurisdiction." Dkt. #33. Defendant requests that the court dismiss the matter for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Dkt #33, at 30. Schmidt argues that the court lacks "in personam" jurisdiction over him. Dkt #33, at 2. Additionally, Schmidt argues (1) that he is not a citizen of the United States under the Fourteenth Amendment to the Constitution, but rather a Washington State citizen and (2) that the Internal Revenue Code is unlawful because there is no "enabling clause" for the Sixteenth Amendment. See Dkt. #33.

### III. ANALYSIS

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS- 2

**A.) Schmidt's Arguments Relating to the Fourteenth and Sixteenth Amendments**

Schmidt argues that he is "not a 'Citizen of the United States' under the so-called 14th Amendment, i.e. a juristic person or a franchised person who can be compelled to perform under the regulatory Internal Revenue Code." Dkt. #33 at 8. He argues that the Fourteenth Amendment is null and void because it was "ratified at the point of a bayonet" and "an examination of the ratification by the several States shows that various improper proceedings occurred." Dkt. #33 at 14. Further, he argues that the Fourteenth Amendment only applies to the "territorial jurisdiction of the District of Columbia, the Federal Territories and Possessions, and the land which has been ceded by the legislatures of the 50 states to the foreign nation-state of the 'United States.'" Dkt. #33 at 23. Schmidt therefore concludes that he is a citizen of the "Washington Republic" and is not subject to the jurisdiction of the United States. Dkt. #33 at 29. With regard to the Sixteenth Amendment, Schmidt argues that the Amendment lacks "an enabling clause authorizing any enforcement authority under such amendment." Id. at 45. Further, he states that Section 7401 and 7403 of the Internal Revenue Code have "no implementing Regulations . . . so as to confer jurisdiction for any issue for collection of taxes or of any fine, penalty, or forfeiture." Id. at 62.

The government argues that Schmidt's arguments are identical to other "tax protestor" arguments that have been rejected by the Ninth Circuit and others, and as such are frivolous. Therefore, the government argues that to the extent that Schmidt's "Notice of Lack of Jurisdiction" is treated as a motion to dismiss, it should be denied. Dkt #35 at 5. The Court agrees with the government, and finds that Schmidt's arguments are not legitimate legal arguments but rather frivolous and nonsensical recitations of previously rejected arguments

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS- 3

brought by other litigants hoping to avoid tax liability.

It has been established that all of defendant's theories are frivolous. <u>United States v. Studley</u>, 783 F.2d 934, 937 (9th Cir. 1986). An individual is a "person" under the Internal Revenue Code and thus is subject to that code. <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1980). Also, defendant's arguments regarding the Sixteenth Amendment to the Constitution defy longstanding precedent.

> For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States Citizens residing in the United States and thus the validity of federal income tax laws as applied to such citizens.

<u>In re Becraft</u>, 885 F.2d 547, 548 (9th Cir. 1989). Defendant makes no novel arguments that depart from past attempts by litigants to avoid their tax obligations.[1] These contentions have been routinely rejected by the courts and are similarly denied by this Court as frivolous.

**B.) Jurisdiction**

Defendant's arguments that the Court lacks jurisdiction are without merit. The facts of the case as alleged in the complaint are sufficient to establish personal and subject matter jurisdiction over the defendant. The Court has personal jurisdiction because the defendant resides in the Court's judicial district and owns the disputed property in King County. Dkt. #1, at ¶4, 5, 9, 10; Dkt. #27 at ¶9-11. With respect to subject matter jurisdiction, this action is

---

[1] The Tenth Circuit noted that the following tax protestor arguments are completely lacking in legal merit: (1) individuals are not "persons" subject to taxation under the Internal Revenue Code, (2) the Authority of the United States is confined to the District of Colombia, (3) the Sixteenth Amendment to the Constitution is invalid, and (4) that no statutory authority exists for imposing an income tax on individuals. <u>Lonsdale v. United States</u>, 919 F.2d 1440, 1448 (10th Cir. 1990).

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS- 4

commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service, a delegate of the Treasury of the United States. Dkt. #1 at ¶2. The complaint alleges that on specific dates, a duly authorized delegate of the Secretary of Treasury made timely assessment against the defendant for unpaid federal income taxes, penalties, and interests for tax years 2004-2009. Dkt. #1 at ¶18. Due to the fact that this case arises under the Internal Revenue Code and is brought by the United States, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1340 and 1345.

Finally, venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because defendant resides in the Western District of Washington and because the property in dispute is located within the Western District of Washington. Dkt. #1 at ¶4. Further, because the defendant resides in King County and the property at issue is located in King County, this action is properly assigned to the Seattle Division pursuant to LCR 3(d).

## IV. CONCLUSION

For the foregoing reasons defendant's motion (Dkt. #33) is DENIED.

DATED this 7th day of August, 2017.

*signature*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS- 6