UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
UNITED STATES OF AMERICA,            )
                                     )   Case No. C16-0985RSL
                    Plaintiff,       )
       v.                            )
                                     )   ORDER GRANTING PLAINTIFF'S
WILLIAM P. SCHMIDT, *et al.*,        )   MOTION TO COMPEL DISCOVERY
                                     )
                    Defendants.      )
_____)

This matter comes before the Court on the "United States of America's Motion to Compel Initial Disclosures and Discovery Responses from William P. Schmidt." Dkt. # 36. Mr. Schmidt has refused to provide initial disclosures or respond to discovery on the grounds that the Court lacks subject matter jurisdiction over the United States' claims and/or personal jurisdiction over him. As a general matter, the assertion of a defense or the filing of a dispositive motion does not relieve a litigant of his or her discovery obligations. The federal discovery rules impose clear duties to disclose, both pursuant to Rule 26(a)(1) and in response to formal discovery requests. The rules do not provide an automatic stay of the initial disclosures or discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. In order to obtain a stay of discovery, defendant is generally required to show that it is entitled to a protective order under Rule 26(c). Mr. Schmidt makes no attempt to show that responding to discovery would cause him "annoyance, embarrassment, oppression, or undue burden or expense" for purposes of Rule 26(c).

Rather, defendant argues that his jurisdictional challenge automatically stays discovery because a lack of jurisdiction deprives the Court of the power to hear and decide any aspect of the case. In order to have such an effect, the jurisdictional challenge must be colorable, meaning that it must at least appear to be correct or justified. In this case, the Court has found that Mr. Schmidt's various jurisdictional arguments have been repeatedly rejected by courts throughout the country and are frivolous. The Court's power to hear and decide the federal government's claim for unpaid federal income taxes is not reasonably subject to dispute, and Mr. Schmidt offers no facts which would give rise to a plausible inference that the Court lacks jurisdiction over his person or the property that is located in this district. The assertion of a frivolous jurisdictional challenge does not stall federal litigation. Mr. Schmidt should have provided initial disclosures and discovery responses in a timely manner and will be required to do so now.

For all of the foregoing reasons, plaintiff's motion to compel is GRANTED. Mr. Schmidt shall, within fourteen days of the date of this Order, provide initial disclosures and complete and accurate responses to the United States' First Interrogatories and First Requests for Production. Failure to make initial disclosures and/or to provide adequate responses to the discovery requests may bar Mr. Schmidt from introducing evidence or presenting the testimony of witnesses that should have been disclosed. The Court declines to require reimbursement of costs at this juncture, but will revisit the issue if plaintiff is again forced to seek Court intervention to compel Mr. Schmidt's participation in this matter

DATED this 17th day of August, 2017.

Robert S. Lasnik
United States District Judge