UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )   Case No. C16-0985RSL
                    Plaintiff,      )
        v.                          )
                                    )   ORDER GRANTING PLAINTIFF'S
WILLIAM P. SCHMIDT, *et al.*,       )   MOTION FOR SANCTIONS AND
                                    )   AN AWARD OF FEES
                    Defendants.     )
_____ )

This matter comes before the Court on the "United States of America's Motion for Sanctions Against William P. Schmidt." Dkt. # 44. On August 17, 2017, the Court ordered Mr. Schmidt to provide initial disclosures and complete and accurate responses to the United States' First Interrogatories and First Requests for Production. Mr. Schmidt was warned that failure to make the required disclosures and productions may bar him from introducing evidence or presenting the testimony of witnesses that should have been disclosed. Despite a number of reminders and inquiries from plaintiff's counsel, Mr. Smith has failed to comply with the Court's order. Although he produced a handful of documents at his deposition and mailed a collection of correspondence and bills to the Court, he has not served his initial disclosures or made written responses to the discovery requests.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), if a party fails to obey an order to provide discovery, the Court "may issue further just orders," including an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from

ORDER GRANTING PLAINTIFF'S
MOTION FOR SANCTIONS

introducing designated matters in evidence." "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980) (quoting National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976)). Mr. Schmidt has not substantively responded to plaintiff's motion, nor has he offered any explanation for his failure to comply with the Court's discovery order. His initial failure to engage in discovery necessitated an extension of the discovery deadlines, and his continued failure has effectively precluded plaintiff from investigating and analyzing his defenses. Discovery in this matter is now closed and dispositive motions are pending.

In order to ensure the timely resolution of the remainder of this case, in order to deter other litigants from engaging in dilatory tactics, in recognition of the lack of any other viable and effective alternative, and as punishment for his failure to satisfy his discovery obligations, the Court finds that an evidentiary bar is warranted in this matter. In addition, the Court finds that the failure to comply with the Court's order was not substantially justified and that an award of fees under Fed. R. Civ. P. 37(b)(2)(C) is not unjust.

The United States' motion for sanctions is GRANTED. Mr. Schmidt is hereby barred from introducing any evidence or presenting testimony from any witnesses that should have been disclosed in his initial disclosures and/or in response to the United States' discovery requests, with the exception of the documents produced at deposition and/or filed with the Court at Dkt. # 46 and # 47. Mr. Schmidt shall also be required to reimburse the United States for the reasonable expenses incurred in bringing its motion to compel and this motion for sanctions.

The Clerk of Court is directed to note a "Request for Fees" on the Court's calendar for November 3, 2017. The United States shall, on or before that date, submit a statement of its reasonable expenses.

Dated this 24th day of October, 2017.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR SANCTIONS                -3-