1

2

3

4

5                    UNITED STATES DISTRICT COURT
6                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
7
   _____
8                                          )
   UNITED STATES OF AMERICA,               )
9                                          )        Case No. C16-0985RSL
                         Plaintiff,        )
                                           )
10          v.                             )        ORDER STRIKING JURY DEMAND
                                           )
   WILLIAM P. SCHMIDT, *et al.*,           )
11                                         )
                         Defendants.       )
12 _____)

13

14          This matter comes before the Court on the "United States of America's Motion to Strike

15  Jury Demand." Dkt. # 49. Plaintiff filed this action to reduce to judgment the outstanding federal

16  income tax assessments against defendant William P. Schmidt (Count 1), to determine that

17  Schmidt is the true owner of a parcel of real property in Tukwila, WA, that was fraudulently

18  conveyed to defendants Sufian Hamad and Riverton Holding, LLC (Count 2), and to foreclose

19  on and sell the property (Count 3). Because Hamad and Riverton Holding claim an interest in the

20  property, they were named as defendants.

21          "The Seventh Amendment . . . secures the right to a jury trial for 'suits in which *legal*

22  rights [are] to be ascertained and determined, in contradistinction to those where equitable rights

23  alone [are] recognized, and equitable remedies [are] administered.'" Teutscher v. Woodson, 835

24  F.3d 936, 943 (9th Cir. 2016) (quoting Chauffeurs, Local 391 v. Terry, 494 U.S. 558, 564 (1990)

25  (emphasis and alterations in original) (quoting Parsons v. Bedford, 3 Pet. 433, 447 (1830)). In

26  this case, the United States seeks a money judgment for tax assessments owed by defendant

Schmidt, which is arguably a statutory action analogous to common law causes of action decided by English law courts in the late 18th century and indisputably involves a traditional form of relief offered in those courts. The Court assumes, for purposes of this analysis, that Schmidt could have demanded a trial by jury on the tax assessment claim. He did not, however, and has therefore waived his Seventh Amendment right under Fed. R. Civ. P. 38(d).[1]

The relief the United States seeks that may have an impact on Hamad and Riverton Holding -- the setting aside of a purportedly fraudulent transfer -- is exclusively equitable in nature. Plaintiff seeks to compel the sale of real property: it does not seek damages from either Hamad or Riverton Holding. A prevailing party's ability to recover fees and costs under Rule 54 does not convert an equitable claim into a legal claim and does not trigger the right to a jury. See Fed. R. Civ. P. 54(d) (specifying that costs are awarded by the clerk and attorney's fees and nontaxable expenses can be awarded on motion).

For all of the foregoing reasons, plaintiff's motion is GRANTED and the jury demand filed in this case is hereby STRICKEN.

Dated this 1st day of November, 2017.

Robert S. Lasnik
United States District Judge

---

[1] If, as they contend, defendants Hamad and Riverton Holding have a right to step into Schmidt's shoes to litigate the validity of the tax lien in the first instance, they would be bound by his waiver.