UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                     )
UNITED STATES OF AMERICA,            )
                                     )   Case No. C16-0985RSL
                 Plaintiff,          )
     v.                              )
                                     )   ORDER DENYING PLAINTIFF'S
WILLIAM P. SCHMIDT, *et al.*,        )   MOTION TO EXCLUDE EXPERT
                                     )   TESTIMONY AND GRANTING
                 Defendants.         )   MOTIONS IN LIMINE
_____  )

This matter comes before the Court on the United States of America's motion to exclude expert testimony and motions in limine. Dkt. # 63 and # 64. Plaintiff's evidentiary motions were properly noted on the Court's calendar (see Dkt. # 30 at 1) and, although they should have been filed as a single motion and plaintiff's counsel should have attempted to confer regarding a number of the issues raised long before defendants provided their pretrial statements (see LCR 7(d)(4)), the motions have been considered on their merits. Having reviewed the papers submitted, the Court finds as follows:

1. Defendants Sufian Hamad and Riverton Holding, LLC, are barred from calling Gerald Robison, Elizabeth Lee, Jack Heutmaker, and/or an IRS representative as witnesses at trial.

2. Defendants proposed exhibits 1, 2, 8, 19, 26, 27, and 28 are excluded from trial. The fact that defendants waited until the last minute to obtain or, in some cases, generate exhibits for use at trial does not justify their late disclosure. This tactic has prevented the government from investigating the accuracy and authenticity of the evidence through discovery. To the extent Mr. Hamad has personal knowledge of matters represented in these exhibits (including payments

ORDER

made), he may testify to those matters.

3. The United States seeks to preclude defendants' real estate appraiser, David E. Hunnicutt, from testifying at trial because he amended his appraisal report and the United States finds his explanations for the changes incredible. Other than noting that its expert prefers the income approach to valuing the subject property, plaintiff does not object to the methodology used in either report. Rather, plaintiff argues that the revised appraisal must have been results-oriented because (a) the revision was made at defendants' request and (b) the revision supports defendants' theory of the case. The revised report, standing alone, rests on a reliable (although not unassailable) foundation, is based on accepted evaluative methods, and is relevant to the issues presented in this litigation. Pyramid Techs., Inc. v. Hartford Cas. Ins. Co., 752 F.3d 807, 813 (9th Cir. 2014) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010).

The Court declines to make credibility findings on the papers submitted and will credit Mr. Hunnicutt's deposition testimony that he belatedly identified properties that were more comparable to the subject property. Mr. Hunnicutt will be permitted to testify at trial.

For all of the foregoing reasons, plaintiff's "Motion to Disqualify and Exclude David E. Hunnicutt" (Dkt. # 63) is DENIED and plaintiff's "Motion in Limine" (Dkt. # 64) is GRANTED.

Dated this 3rd day of January, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge